**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MANUEL VIDAL LEYBA,

Plaintiff,

v. Civ. No. 15-903 GBW

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

Defendant.

**ORDER GRANTING REMAND**

This matter comes before the Court on Plaintiff's Motion to Remand the Social Security Agency (SSA) decision to deny Plaintiff disability benefits. *Doc. 18*. For the reasons discussed below, the Court GRANTS Plaintiff's motion and REMANDS this action to the Commissioner for further proceedings consistent with this opinion.

## I. PROCEDURAL HISTORY

Plaintiff filed an initial application for Social Security Disability Insurance (SSDI) and Supplemental Security Income (SSI) benefits on September 14, 2011. Administrative Record ("AR") at 184, 190. Plaintiff alleged that he had a disability beginning on July 22, 2010 resulting from two herniated disks, leaking spinal fluid, and depression. AR at 190, 208. An Administrative Law Judge (ALJ) held a hearing on March 4, 2014. *See* AR at 20-50. On April 24, 2014, the ALJ denied Plaintiff's claim. AR at 6-19. Plaintiff appealed the denial of his application to the Appeals Council, which

denied his request for review on August 6, 2015. AR at 1-5. Plaintiff filed in this Court on October 8, 2015, seeking review of the ALJ's decision. *Doc. 1*.

## II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a court may review a final decision of the Commissioner only to determine whether it (1) is supported by "substantial evidence" and (2) is grounded in an evaluation of the evidence that comports with the proper legal standards. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800-01 (10th Cir. 1991). "In reviewing the ALJ's decision, we neither reweigh the evidence nor substitute our judgment for that of the agency." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (citation and internal quotations omitted).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Casias*, 933 F.3d at 800. "The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). "[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id*. at 1010. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted).

## III. FACTUAL BACKGROUND

Plaintiff filed for disability on the basis of a back injury that he incurred while employed at Energy Solutions in Los Alamos, New Mexico. AR at 26-28. Plaintiff testified to the following conditions: "shooting pains" in his back and one of his legs; leaking fluid from a spinal disc; balance problems; significant discomfort sitting; pain-induced insomnia; problems with memory and concentration; mood swings; depression; anxiety; suicidal thoughts; feelings of worthlessness; and frequent bouts of crying. *See* AR at 28-30, 34-40. He further claimed that these recurring symptoms necessitated both medications and a quad-walker for assistance with walking. AR at 30, 35, 55, 210-16.

During the hearing, the ALJ called upon a Vocational Expert (VE), to provide testimony regarding the number of jobs available in the local and national economy which Plaintiff could perform despite his impairments. AR at 42-48. When presented with a hypothetical mirroring Plaintiff's own limitations, the VE provided three specific jobs, identified by their Dictionary of Occupational Titles (DOT) codes, which she contended that a person with Plaintiff's impairments could perform. AR at 45-47 (identifying order clerk, 209.567-014, SVP-2; jewelry preparer, 700.687-062, SVP-2; and document preparer, 249.587-018, SVP-2). The VE then provided the numbers of available jobs in the national economy for each of those three DOT listings. *Id.* at 46 (identifying 28,000 national jobs available for order clerks; 15,000 national jobs available for jewelry preparers; and 45,000 national jobs available for document preparers).

## IV. PARTIES' POSITIONS

Plaintiff asserts that the ALJ erred by (1) failing to resolve conflicts between the VE testimony and the DOT listings, and (2) failing to develop the record regarding Mr. Leyba's non-exertional impairments. *Doc. 1* at 2; *doc. 18* at 6-10. Defendant argues that the ALJ (1) reasonably relied on the VE's testimony, which was consistent with the DOT listings; (2) properly determined that at least one job matching Plaintiff's residual functional capacity (RFC) exists in significant numbers in the national economy; and (3) appropriately assessed Plaintiff's functional limitations stemming from his depressive symptoms based on the significant evidence in the record. *Doc. 20* at 11-15, 15-16, 7-11. Ultimately, I conclude that the ALJ's opinion must be remanded for failure to properly resolve conflicts between the VE's testimony and the information contained in the DOT listings, and I do not reach the other issue raised by Plaintiff.

## V. ALJ EVALUATION

### A. Legal Standard

For purposes of Social Security benefits, an individual is disabled when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). To determine whether a person satisfies these

criteria, the SSA has developed a five-step test. *See* 20 C.F.R. § 404.1520.[1] If the Commissioner finds an individual disabled or not disabled at any step, the next step is not taken. *Id*. § 404.1520(a)(4).

At the first four steps of the analysis, the claimant has the burden to show: (1) he is not engaged in "substantial gainful activity;"[2] (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments that is severe" that has lasted or is expected to last for at least one year; and that either (3) his impairment or impairments meet or equal one of the "listings" of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work." *Id.* § 404.1520(a)(4)(i–iv); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

Step four of this analysis consists of three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ determines the claimant's RFC in light of "all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). A claimant's RFC is "the most [he or she] can still do despite [physical and mental] limitations." *Id*. § 404.1545(a)(1). Second, the ALJ determines the physical and mental demands of the claimant's past work. "To make the necessary findings, the ALJ must obtain adequate 'factual information about those work demands which have a bearing on the medically

[1] Plaintiff has applied for both SSDI and SSI benefits. The five-step test for determining disability is the same for both types of benefits, although the test is codified in two separate sections of the Code of Federal Regulations. 20 C.F.R § 404.1520 governs SSDI; § 416.920 governs SSI.

[2] "Substantial work activity" is work that involves doing significant physical or mental activities. 20 C.F.R. § 404.1572(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not the claimant has earned any such pay or profit. 20 C.F.R. § 404.1572(b). "Substantial gainful activity" is work that is both substantial and gainful.

established limitations.'" *Winfrey*, 92 F.3d at 1024 (quoting Social Security Ruling 82-62 (1982)). Third, the ALJ determines whether, in light of the RFC, the claimant is capable of meeting those demands. *Id*. at 1023, 1025.

If the ALJ concludes that the claimant cannot engage in past relevant work, he or she proceeds to step five of the evaluation process. 20 C.F.R. § 404.1520(a)(4)(v). At step five, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work which exists in significant numbers in the national economy, considering the claimant's RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

**B. The ALJ's Decision**

On April 24, 2014, the ALJ issued a decision denying Plaintiff's application for benefits. AR at 6-19. In denying Plaintiff's application, the ALJ applied the required five-step sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from his alleged onset date of July 22, 2010 through his date last insured of December 31, 2015. AR at 11. At step two, the ALJ determined that Plaintiff had the following severe impairments: a back disorder, obesity, and depression. *Id*. At step three, the ALJ concluded that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. AR at 11-13.

For purposes of evaluating steps four and five, the ALJ determined Plaintiff's

RFC as follows:

> [Claimant can] perform sedentary work as defined in 20 C.F.R. § 404.1567(a) and § 416.967(a) that requires no more than occasional climbing of ramps or stairs; no climbing of ladders, ropes or scaffolds; no more than occasional balancing with a handheld assistive device; and no more than occasional stooping, kneeling, crouching, and crawling. The claimant must avoid concentrated exposure to operational control of moving machinery, unprotected heights and hazardous machinery. The claimant can understand, carry out and remember simple instructions and make commensurate work-related decisions; respond appropriately to supervision, coworkers and work situations; deal with routine changes in work setting; maintain concentration, persistence and pace for up to and including two hours at a time with normal breaks throughout the work day.

AR at 13. In light of these limitations, the ALJ determined at step four that Plaintiff was unable to perform any past relevant work. AR at 18. However, the ALJ at step five relied on the VE's testimony that a person with Plaintiff's RFC can perform the occupations of order clerk, jewelry preparer, and document preparer. AR at 18-19. The ALJ determined that Plaintiff was not disabled, as he possessed the ability to perform jobs that exist in significant numbers in the national economy. *Id*. at 19.

## VI. ANALYSIS

### A. The ALJ Failed to Properly Resolve a Conflict between the VE's Testimony and the DOT description of Job Requirements

Plaintiff argues that the ALJ erred in failing to resolve a conflict between the VE's testimony about the jobs a person with Plaintiff's RFC could perform and the DOT's explanation of the duties included in those jobs. *Doc. 18* at 6-8. Specifically, Plaintiff claims that the VE's conclusion that Plaintiff could perform the jobs of order clerk and

document preparer, despite Plaintiff's limitation of understanding, carrying out, and remembering only simple instructions and decisions, was inconsistent with the DOT's explanation that these jobs require a reasoning level of three. *Id*. Plaintiff asserts that Tenth Circuit precedent supports the argument that a limitation to simple and routine work tasks is incompatible with jobs requiring a reasoning level of three, and further establishes that an ALJ is required to address an apparent conflict between a claimant's RFC and the jobs a VE suggests are appropriate for the claimant. *Hackett v. Barnhart*, 395 F.3d 1168, 1176. Plaintiff urges this Court to find that the ALJ erred by failing to address such a conflict here.

Where a claimant demonstrates an inability to perform any past work, "the ALJ bears the burden at step five to show that there are jobs in the regional or national economies that the claimant can perform with the limitations the ALJ has found him to have." *Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir. 1999). There must be "substantial evidence" regarding (1) the jobs that a claimant can perform given the RFC and (2) the number of such jobs in the economy. *Id.* at 1088-89. In order to satisfy this burden, the ALJ may rely on the testimony of a VE in order to determine what jobs can be performed by an individual with the claimant's specific RFC. However, "an ALJ has a duty to fully develop the record. . . . Questioning a [VE] about the source of his opinion and any deviations from [the DOT] falls within this duty." *Id.* at 1091. Accordingly, it is the burden of the ALJ to specifically identify any conflicts between the testimony of

the VE and the DOT descriptions of occupations as well as to offer reasonable explanations to resolve any conflict. Social Security Ruling ("SSR") 00–4p, 2000 WL 1898704, at *4. If the ALJ does not do so, he cannot rely on the VE's testimony as substantial evidence to support a finding of nondisability. *Haddock*, 196 F.3d at 1091.

As noted above, Plaintiff relied on the case of *Hackett v. Barnhart*, 395 F.3d 1168 (10th Cir. 2005) in support of his assertion that the VE's testimony was inconsistent with the ALJ's determination of his RFC. In *Hackett*, an ALJ found a claimant to be restricted to "simple and routine work tasks." *Id.* at 1171. The jobs that the VE identified for the claimant, however, required a reasoning level of three, which was defined as the ability to: "apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form, and deal with problems involving several concrete variables in or from standardized situations." *Id.* at 1176 (quoting *Dictionary of Occupational Titles*, Vol. II at 1011) (internal alterations omitted). On review of the ALJ's decision, the Tenth Circuit held that "the demands of level-three reasoning" were inconsistent with a limitation to simple or routine work. *Id.* The court therefore reversed and remanded the decision due to the ALJ's failure to address the apparent conflict between the claimant's inability to perform more than simple and repetitive tasks and the level-three reasoning required by the job identified for him by the VE. *Id.*

Defendant argues that the Tenth Circuit has limited the scope of the *Hackett* holding by clarifying that it was not expressing a bright-line rule that simple work is

always inconsistent with level-three reasoning. *Doc. 20* at 12-13. In support of this contention, Defendant cites two unpublished Tenth Circuit cases which state that the DOT's General Educational Development (GED) levels, including reasoning levels, do not describe the specific mental or skill requirements of a job. *See Anderson v. Colvin*, 514 App'x 756, 764 (10th Cir. 2013) (unpublished); *Mounts v. Astrue*, 479 F. App'x 860, 868 (10th Cir. 2012) (unpublished). Defendant thus contends that the VE testimony that a claimant can perform a job requiring a reasoning level of three is not inconsistent with an RFC limiting a claimant to simple work. *Doc. 20* at 12-13. The Court is not persuaded by this contention.

Defendant is correct that several district court cases within the Tenth Circuit have adopted the reasoning of *Anderson* in evaluating this issue. *See Herriage v. Colvin*, No. 14-1345, 2015 WL 5472496, at *2 (D. Kan. Sept. 16, 2015); *Owen v. Colvin*, No. 1:13-CV-00141, 2015 WL 1490947, at *5 (D. Utah Mar. 30, 2015); *Pacheco v. Colvin*, No. 2:13-CV-197 DN, 2014 WL 869294, at *7 (D. Utah Mar. 5, 2014). However, the Court declines to apply the same reasoning in the instant case for two reasons. First, Tenth Circuit cases decided both before and after *Anderson* and *Mounts*, even where ultimately upholding the Commissioner's decision on the basis of harmless error, nonetheless clearly state that *Hackett*'s central holding remains applicable. *See, e.g., Fulton v. Colvin*, 631 F. App'x 498, 507 (10th Cir. 2015); *Pritchett v. Astrue*, 220 F. App'x 790, 793 (10th Cir. 2007). In addition, many courts within the Tenth Circuit, including within our own

district, have confirmed that *Hackett* remains binding precedent. *See Bier v. Colvin*, 15 F. Supp. 3d 1143, 1147 (D.N.M. 2014); *see also Duran v. Astrue*, 654 F. Supp. 2d 1298, 1302–04 (D. Colo. 2009); *Paddelty v. Colvin*, No. CIV-14-891-D, 2016 WL 3647697, at *3 (W.D. Okla. July 1, 2016); *MacDonald v. Colvin*, No. 2:14-CV-02446-JTM, 2016 WL 55270, at *2 (D. Kan. Jan. 5, 2016); *Brown-Mueller v. Colvin*, No. 13-CV-00537-PAB, 2016 WL 860468, at *2 (D. Colo. Mar. 7, 2016). Most importantly, these courts have held that, to the extent that the unpublished opinion in *Anderson* is in conflict with *Hackett*, the rationale of the latter should prevail. *See Paddelty*, 2016 WL 3647697, at *3 ("Although the Court finds it difficult to reconcile here the separate approaches represented by *Hackett* and *Anderson*, it is bound to follow the clear dictates of the circuit's published decision in *Hackett*. Therefore, the Court declines to follow *Anderson* and looks to the circuit's opinion in *Hackett* for guidance."); *MacDonald*, 2016 WL 55270, at *2 ( in rejecting the Commissioner's argument that the two unpublished cases cited recognized that GED levels are not inconsistent with specific mental or skill requirements, the court held that "*Hackett* has not been overruled or limited by the Tenth Circuit, and the Commissioner fails to offer an objectively reasonable basis for arguing that the same rule underlying *Hackett* would not require a remand in this case."). Accordingly, the rule established in *Hackett* remains binding law that must guide the Court's analysis in the present case.

Defendant further argues that even if the rule established in *Hackett* is binding, factual distinctions in the present case weigh against applying the rule here. *Doc. 20* at

12.  Specifically, Defendant points out that in *Hackett*, the claimant only retained the attention, concentration, persistence, and pace levels required for simple and routine work tasks, whereas in the present case Plaintiff could understand, carry out, and remember simple instructions and make commensurate work-related decisions.  *Id*.  The instruction-based limitation in this case is therefore distinguishable from the task-based limitation in *Hackett*, Defendant argues, and thus a level-three reasoning requirement is not necessarily inconsistent with Plaintiff's RFC.  *Id*.  This argument is unconvincing.

In developing the rationale that a limitation in attention, concentration, persistence, and pace levels required for simple work was inconsistent with a need for level-three reasoning in an occupation, the court in *Hackett* cited specifically to an Eighth Circuit case whose holding it summarized as "rejecting [the] contention that a claimant limited to following only *simple instructions* could engage in the full range of sedentary work because many unskilled jobs in that category require reasoning levels of two or higher."  *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (citing *Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997)) (emphasis added).  Thus, in providing persuasive support for its holding in *Hackett*, the Tenth Circuit apparently viewed the two limitations of performing simple tasks and following simple instructions as interchangeable as they related to the requirements of level-three reasoning.  Consistent with this view, several district court cases have cited the holding in *Hackett* in finding that an ALJ must resolve inconsistencies between a VE's testimony that a claimant can

perform an occupation requiring level-three reasoning and an RFC that limits a claimant to simple instructions. *See, e.g.*, *Duran*, 654 F. Supp. 2d at 1302–03; *Brown-Mueller*, 2016 WL 860468, at *2. Defendant fails to identify authority suggesting that the distinction between simple tasks and simple instructions is material with regard to the analysis in *Hackett*. Accordingly, the Court finds that the rule articulated in *Hackett* regarding the inconsistency between level-three reasoning requirements and limitation to simple tasks is equally applicable to RFCs which limit a claimant to follow simple instructions.

Finally, Defendant argues that even if a conflict exists between the ALJ's RFC and the DOT with regard to the order clerk and document preparer jobs, the ALJ's failure to address that conflict was harmless error, because the third job offered by the VE—jewelry preparer—exists in significant numbers in the national economy. *Doc. 20* at 15-16. Plaintiff, for his part, disputes his ability to perform this job on the basis that a jewelry preparer's need to use "a saw, shears, a foot press equipped with a cutting tool, a file or grinding wheel, and shaping dies" is inconsistent with his RFC's limitation that he not be exposed to moving or hazardous machinery. *See doc. 18* at 8. However, as explained further below, remand is appropriate regardless of whether Plaintiff is capable of performing the jewelry preparer job due to the absence of any fact-finding by the ALJ on the question of whether the jewelry preparer job exists in significant numbers in the national economy.

The ALJ found, in accordance with the VE's testimony, that the number of jewelry preparer jobs existing in the national economy is approximately 15,000.  AR at 19.  Yet the ALJ never considered that number in isolation from the numbers of the other two jobs in coming to his conclusion that Plaintiff "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy."  *Id.*  Nor has Defendant adequately demonstrated that there are a significant number of jewelry preparer jobs in the national economy merely by referring to a case in which the Tenth Circuit "implied that as few as 11,000 job in the national economy represents a significant number."  *Doc. 20* at 16 (citing *Rogers v. Astrue*, 312 F. App'x 138, 142 (10th Cir. 2009) (unpublished)).  While harmless error is generally applicable in reviewing a Social Security decision, the Tenth Circuit has cautioned courts against "usurping the administrative tribunal's responsibility to find the facts" or impermissibly providing *post hoc* justification that rests on legal or evidentiary matters not considered by the ALJ.  *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

In *Allen*, the Tenth Circuit found that the ALJ erred in determining the number of available jobs that plaintiff could perform in light of his RFC and the VE's testimony. *Id*. at 1143-44.  In refusing to find the error harmless, the court emphasized that because the ALJ had based his conclusion that the claimant could perform a significant number of jobs in the national economy on erroneous figures, "[a]ny attempt to save the decision, by finding that the one job [the claimant] concededly can do constitutes

significant work, usurps the ALJ's primary responsibility to determine that question in light of [] various case-specific considerations[.]" *Id.* at 1145. Similarly, the ALJ in the case at hand concluded only that there were a significant number of jobs in the national economy which Plaintiff could perform based on a cumulative total of 88,000 jobs. AR at 18-19. The ALJ did not consider whether the 15,000 jewelry preparer jobs in the national economy was a significant number, and the Court declines to make such a determination at this stage. The Court must not "reweigh the evidence nor substitute [its] judgment for that of the agency" in reviewing the ALJ's determination. *Bowman*, 511 F.3d at 1272 (citing *Casias v. Sec'y of Health & Human Servs*., 933 F.2d 799, 800 (10th Cir. 1991)).

Despite its holding, the court in *Allen* did acknowledge the possibility of finding an administrative error harmless where the court "could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen*, 357 F.3d at 1145. Indeed, when applying this principle to whether a significant number of jobs existed in the national economy, the Tenth Circuit has found harmless error where the number of jobs available nationally that a claimant can perform exceeds 150,000. *See, e.g.*, *Chrismon v. Colvin*, 531 F. App'x 893, 899-900 (10th Cir. 2013) (212,000 jobs); *Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008) (152,000 jobs). Here, however, the VE found that there were only 15,000 jewelry preparer jobs in the national economy, AR at 46, and whether this

number is "significant" is far from settled as a matter of law. *Compare, e.g.*, *Astrue,* 312 F. App'x at 142 (implying that 11,000 national jobs is a significant number) *with Chavez v. Barnhart*, 126 F. App'x 434, 436 (10th Cir. 2005) (declining to find harmless error when, after excluding some jobs the ALJ had improperly identified, there remained 199 regional and 49,957 national jobs the claimant could still perform). Thus, even accepting *arguendo* Defendant's contention that Plaintiff could perform the 15,000 jewelry preparer jobs available nationally, the Court cannot uphold the ALJ's decision on the basis of harmless error.

Based on these considerations, the Court finds that the ALJ committed reversible error and that this case must be remanded.

## VII. CONCLUSION

Plaintiff has demonstrated that the ALJ erred at step five of the analysis by failing to reconcile the VE's testimony with the requirement descriptions contained in the DOT before concluding that Plaintiff is capable of performing work that exists in significant numbers in the national economy. Accordingly, Plaintiff's Motion to Remand to Agency for Rehearing (*doc. 18*) is GRANTED and this case is REMANDED to the Commissioner for further proceedings consistent with the opinion.

GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**